<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4408**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JUAN CRISTOBAL HERNANDEZ-REYES,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (4:10-cr-00044-BR-1)

_____

Submitted:  February 28, 2012      Decided:  March 13, 2012

_____

Before NIEMEYER, DIAZ, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Stacey A. Phipps, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Cristobal Hernandez-Reyes (a native and citizen of El Salvador) pled guilty, without a plea agreement, to illegally reentering the United States subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b) (2006). At sentencing, the district court applied a 16-level enhancement, pursuant to U.S. Sentencing Guidelines Manual (USSG) § 2L1.2(b)(1)(A)(ii) (2010), based on a prior conviction for felony cocaine trafficking. After a three-level reduction for acceptance of responsibility, Hernandez-Reyes' adjusted Guidelines level was 21. With a criminal history category V, his Guidelines range was 70-87 months imprisonment. The court imposed a sentence at the top of the range, 87 months, followed by three years of supervised release. Hernandez-Reyes timely appealed.

Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that, after a thorough review of the record and relevant case law, she has found no meritorious grounds for appeal. Although informed of his right to file a pro se supplemental brief, Hernandez-Reyes has not done so. We affirm.

Our review of the guilty plea hearing discloses that the district court fully complied with the mandates of Fed. R. Crim. P. 11 in accepting Hernandez-Reyes' guilty plea. The

2

district court ensured that the plea was entered knowingly and voluntarily and was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). We therefore affirm Hernandez-Reyes' conviction.

We review Hernandez-Reyes' sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. We assess whether the district court properly calculated the advisory Guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2006), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010). If there is no procedural error, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the Guidelines range, we apply a presumption of reasonableness. Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-guidelines sentence).

We have thoroughly reviewed the record and conclude that the sentence is both procedurally and substantively reasonable. Moreover, Hernandez-Reyes has failed to overcome the presumption of reasonableness we accord his within-Guidelines sentence.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Hernandez-Reyes' conviction and sentence. This court requires that counsel inform Hernandez-Reyes, in writing, of the right to petition the Supreme Court of the United States for further review. If Hernandez-Reyes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hernandez-Reyes.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4